UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMONE KNOX,                                Case No. 12-12273

      Plaintiff,                              Patrick J. Duggan
v.                                          United States District Judge

WARREN POLICE DEPARTMENT, *et al.*,         Michael Hluchaniuk
                                            United States Magistrate Judge
      Defendants.
_____/

## REPORT AND RECOMMENDATION
## DEFENDANT'S MOTION TO DISMISS (Dkt. 8)

**I.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Plaintiff, *pro se*, filed the instant complaint on May 24, 2012. (Dkt. 1). Plaintiff is apparently a federal prisoner currently residing at the United States Penitentiary-Canaan in Waymart, Pennsylvania, although the pleadings do not provide any specific information as to the circumstances that resulted in him being there.[1] The complaint alleges that on December 25, 2009, plaintiff was at a location in the City of Warren when he was "unjustifiablly [sic] assulted [sic] by three Warren Police officers." A few additional facts are alleged as to how the assault took place and this conduct, as claimed by plaintiff, violated plaintiff's

---

[1] At the time the complaint was filed plaintiff indicated he resided at the Federal Detention Center in Milan, Michigan but on December 20, 2012, filed a notice of change of address indicating his present residence was at the USP-Canaan in Waymart, Pennsylvania. (Dkt. 19).

rights under the Fourth, the Eighth, and Fourteenth Amendments. (Dkt. 1, Pg ID 3). Plaintiff names the Warren Police Department and "three unknown named Warren Police officers" as defendants in this case.

Defendant Warren Police Department filed a motion to dismiss on August 15, 2012, contending the Warren Police Department was "not a legal entity capable of being sued" and therefore plaintiff had "failed to state a claim upon which relief can be granted." (Dkt. 8, Pg ID 20). Defendant also contended there were no other defendants because plaintiff had only "referred" to the three officers who had committed the alleged assault on him and, apparently, that was insufficient to identify them as defendants. (Dkt. 8, Pg ID 19). Defendant relied on *Pierzynowski v. Police Department City of Detroit*, 941 F.Supp. 633 (E.D. Mich. 1996) in support of its motion.

Plaintiff filed a pleading entitled Motion In Opposition To Defendant's Motion To Dismiss on September 7, 2012. (Dkt. 13). That pleading will be construed as a response to defendant's motion to dismiss. In the response plaintiff does not really address defendant's argument that the Warren Police Department is not a legal entity capable of being sued but plaintiff does object to the argument that there are no other defendants besides the Warren Police Department.

On January 2, 2013, plaintiff filed a motion to remove the Warren Police Department as a defendant in this case. (Dkt. 20). The undersigned will construe

this recent pleading as a motion for voluntary dismissal of defendant Warren Police Department.

For the reasons set forth below, the undersigned **RECOMMENDS** that motion to dismiss be **GRANTED** as to the Warren Police Department/City of Warren, but that it be **DENIED** as to any individual John Doe defendants. The undersigned further **RECOMMENDS** that plaintiff's motion for voluntary dismissal of defendant Warren Police Department be **DENIED** as moot, given the above recommendation.

## II.     ANALYSIS AND CONCLUSION

### A.     Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A plaintiff is also obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) quoting *Twombly*, 550 U.S. at 555 (citations and internal quotation marks

omitted). And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.*, quoting Twombly, 550 U.S. at 555 (citation and internal quotation marks omitted); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (The factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.").

The Sixth Circuit recognized that in *Erickson v. Pardus*, 551 U.S. 89(2007), "a case decided just two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against his captor is not required to state [s]pecific facts in their complaint; and *Twombly* itself suggests that its holding may be limited to cases likely to produce sprawling, costly, and hugely time-consuming litigation." *U.S. v. Ford Motor Co.*, 532 F.3d 496 (6th Cir. 2008) (citations and internal quotation marks omitted). The Sixth Circuit applied a more stringent pleading standard in *U.S. v. Ford* because a fraud claim was involved, which requires the application of the heightened pleading standard set forth in Rule 9(b), rather than the more liberal pleading standard found in Rule 8(a)(2). Thus, when applying *Twombly*, except as to a claim of

fraud, the Court must still read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson*, 551 U.S. at 93-94 (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to liberally construe" the *pro se* complaint at issue.).

    B.    <u>Analysis</u>

Based on the authority cited by defendant Warren Police Department, dismissal is not necessarily warranted. In *Pierzynowski* the trial judge was faced with a lawsuit against the "City of Detroit Police Department" and, rather than dismiss the case on that basis, the judge construed the proper defendant as the City of Detroit concluding that the police department was "merely a creature of the City of Detroit" and "not a legal entity." 941 F. Supp. at 637, n. 4. The court went on to review substantive claims against the City of Detroit as if that had been the named party. Given the liberal standard for construing *pro se* pleadings, the undersigned believes that the proper defendant here should be viewed as the City of Warren and the case should not be dismissed as to the City of Warren on the basis that the complaint refers to the Warren Police Department. Defendant does not make any additional arguments for dismissal of the City of Warren.

Having construed the City of Warren as the proper defendant in this case,

the undersigned believes it has discretion under 28 U.S.C. § 1915A(a) to screen a complaint, such as this one, where "a prisoner seeks redress from a government entity or officer or employee of a governmental entity." Plaintiff is a prisoner and his complaint seeks redress from the City of Warren as well as three Warren police officers. If a complaint fails to state a claim upon which relief may be granted the complaint may be dismissed. 28 U.S.C. § 1915A(b)(1).

The City of Warren is a municipality and liability of municipalities under 42 U.S.C. § 1983 is governed by the limits of *Monell v. Depart. of Social Services*, 436 U.S. 658 (1978). *Monell* stands for the proposition that a municipality cannot be held vicariously liable for the actionable conduct of its employees. A municipality is only liable when a government policy or custom inflicts the alleged injury. 436 U.S. at 694.

Even if the complaint is liberally construed it is clear that it does not allege anything regarding the City of Warren other than the police officers who allegedly assaulted plaintiff were employed by the City of Warren. Therefore, plaintiff has failed to state a cause of action against the City of Warren upon which relief may be granted. Therefore, it is recommended that the complaint be dismissed as to the City of Warren, referred to incorrectly as the Warren Police Department in the complaint.

The undersigned agrees with plaintiff, however, that the lawsuit includes

defendants other than the City of Warren. Plaintiff alleges three officers with the Warren Police Department assaulted him although it is clear he does not presently know their names. The complaint against those unnamed police officers is admittedly sparse in specifics as to the actual conduct of the officers but it satisfies the minimum requirements for the court's screening function under § 1915A. Therefore, it is recommended that the complaint not be dismissed against the currently unnamed, John Doe defendants.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that motion to dismiss be **GRANTED** as to the Warren Police Department/City of Warren, but that it be **DENIED** as to any individual John Doe defendants. The undersigned further **RECOMMENDS** that plaintiff's motion for voluntary dismissal of defendant Warren Police Department be **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 24, 2013                    s/Michael Hluchaniuk
                                          Michael Hluchaniuk
                                          United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on January 24, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: John J. Gillooly, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Ramone Knox, ID# 46439-039, USP CANNAN, P. O. Box 300, Waymart, PA 18472.

s/Tammy Hallwood<br>
Case Manager<br>
(810) 341-7887<br>
tammy_hallwood@mied.uscourts.gov